**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                              Case No. 2:05CR20122-001-JWL

                                       Civil Case No: 08-2135-JWL

**KANSAS A. ELLIS**

    **Defendant.**

_____

**MEMORANDUM AND ORDER**

Previously, on January 9, 2006, the Defendant Kansas Ellis filed a motion under Title 28, section 2255 of the United States Code on the grounds of misapplication of the armed career criminal provision of the United States Sentencing Guidelines. On March 26, 2007, the Court resentenced Mr. Ellis to a term of 77 months as a result of his first § 2255 motion. The matter presently before the court is Mr. Ellis's second Motion to Vacate under 28 U.S.C. § 2255 (Doc. #35) on the grounds that the Sentencing Guidelines were misapplied during calculation of his criminal history points during resentencing. For the reasons discussed herein, Mr. Ellis's motion is denied on the merits.

**BACKGROUND**

On December 7, 2005, Kansas Ellis was charged with two counts of being a Felon in possession of a firearm which occurred on May 1, 2005 (Count 1), and September 15, 2005 (Count 2), in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Doc. #1). On February 27, 2006, Mr. Ellis entered a guilty plea to Count 1 of the Indictment.

1

As a part of his Plea Agreement, Mr. Ellis waived his right to appeal or attack any matter in connection with his prosecution, conviction and sentencing, including his right to file a motion brought under 28 U.S.C. § 2255.  (Doc. #19).  Mr. Ellis retained his right to claim ineffective assistance of counsel as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir.2001) (finding a right to collateral relief on a claim of ineffective assistance of counsel if there is a basis for the claim and if the claim pertains to the validity of the plea).  Additionally, the Government agreed to recommend a sentence at the low end of the guidelines range or the statutory mandatory minimum sentence of 180 months, whichever might apply under the application of the Guidelines, and to recommend a three (3) level reduction for timely acceptance of responsibility.

A presentence report was prepared for the Court prior to sentencing and confirmed that Mr. Ellis qualified as an armed career criminal under the provisions of U.S.S.G. § 4B1.4.  Mr. Ellis's prior convictions that qualified him for that classification were identified as Conspiracy to Commit Murder and two convictions of Possession of Cocaine with Intent to Sell.  On May 15, 2006, Mr. Ellis was sentenced to a controlling term of imprisonment of 180 months.

On January 9, 2007, Mr. Ellis filed a Motion Under 28 U.S.C. § 2255 with a supporting memorandum, claiming that his attorney was ineffective because he failed to investigate or determine that his two prior drug convictions did not qualify as "serious drug offenses" under the provisions of Title 18, U.S.C. § 924(e).  The Government conceded this argument.  On March 26, 2007, the Court resentenced Mr. Ellis to a term of 77 months.

On March 26, 2008, Mr. Ellis filed a second motion under the provisions of 28 U.S.C. § 2255.  He asserted that the same two drug convictions should have been counted as a single sentence, thereby assessing him a criminal history category of V instead of VI.  The Government

2

responded by pointing out that Amendment 709 does not apply retroactively, and further that Mr. Ellis's claim failed on the merits because his previous convictions were separate incidents.

## ANALYSIS

The Government does not address Mr. Ellis's motion as a § 2255 motion, and instead responds to his motion as if he had filed a motion under 18 U.S.C. § 3582(c). The relief that Mr. Ellis seeks is best addressed in a motion under § 3582. Thus, according to *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that the court can reasonably read the defendant's argument to state a claim upon which relief can be granted, it should do so; but that it is not the proper function of the court to advocate for the pro se defendant), the court will address his motion as if it were brought under § 3582. In its response, the Government assumes that Mr. Ellis is arguing that Amendment 709, an amendment that applies to § 4A1.2 of the federal sentencing guidelines, should apply. It argues that his prior drug possession cases should be counted separately because two separate cases were filed, and the arrests correlated to two separate incidents.

Mr. Ellis frames his motion under § 2255, but quotes the wording from Amendment 709. Since the court can infer he wanted relief under a U.S.S.G. amendment, it construes his motion as a motion under § 3582, and addresses the merits of his claim. Pursuant to a motion for relief under § 3582:

> [] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, ***if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.***

18 U.S.C. § 3582(c)(2) (emphasis added).

This statute does not apply for two reasons. The italicized language of the statute requires that the applicable policies of the U.S.S.G. be served in a reduction. According to the Sentencing Guidelines, the policy statement of the Commission is that a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) if there is no applicable amendment listed in part (c) of the policy statement. U.S.S.G. § 1B1.10(a)(2)(A). Amendment 709 is not listed among the applicable amendments, *see* U.S.S.G. § 1B1.10(c) (listing twenty seven applicable amendments, but not Amendment 709). *See also United States v. Godin,* 522 F.3d 133, 134 (1st Cir. 2008) (stating that Amendment 709 has not been made retroactive), and therefore Mr. Ellis is not entitled to relief under Amendment 709.

Even if Amendment 709 were applicable under § 3582 and the U.S.S.G. Policy Statement, Mr. Ellis is not entitled to relief. Mr. Ellis argues that his two prior drug possession charges should be counted together for purposes of calculating the criminal history points. He arrives at this conclusion by asserting that the two offenses were both adjudicated on the same day, the arrest for the first offense was *after* the second offense, the sentences were set to run concurrently, and the cases were contained in a single instrument.

> The quoted section of the 2007 version of the United States Sentencing Guidelines states:
>
> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

U.S.S.G. § 4A1.2(a)(2).

Here there was an intervening arrest. *U.S. v. Ellis*, 525 F.3d 960, 965 (10th Cir. 2008) (finding that the wording on which the defendant relied—that of sentences being imposed on the same day—only applies if the two prior offenses were not separated by an intervening arrest).

4

The PSR shows that Mr. Ellis's April arrest was given a number that occurs sequentially before the number assigned to the October arrest. This evidence shows that Mr. Ellis's assertion that he was arrested for the first offense subsequent to the second offense is incorrect. Thus, he would be ineligible for relief under Amendment 709 because of an intervening arrest.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Ellis's Motion (Doc. #35) is DENIED.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
