**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-20122 |
| ) | |
| **KANSAS A. ELLIS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Defendant Kansas A. Ellis pled guilty to one count of being a felon in possession of a firearm (doc. 19), and he was originally sentenced to 180 months' imprisonment (doc. 25). He then filed a motion under 28 U.S.C. § 2255 on the grounds of misapplication of the armed career criminal provision of the United States Sentencing Guidelines (doc. 26). On March 26, 2007, the court resentenced Mr. Ellis to a term of 77 months (doc. 34).

Mr. Ellis then filed another § 2255 motion, arguing that the court misapplied the Sentencing Guidelines in calculating his criminal history points because two of his prior convictions should have been counted as a single sentence (doc. 35). The court denied this motion (doc. 40), noting that Amendment 709, the relevant amendment to the guidelines, did not apply retroactively to Mr. Ellis's case, and even if it did, it would not entitle Mr. Ellis to relief. The court also noted in its order that Mr. Ellis's § 2255 motion

was more properly a motion to reduce his sentence due to an amended guidelines provision, as provided in 18 U.S.C. § 3582(c).

Mr. Ellis's case is once again before this court because he has now filed a § 3582 motion (doc. 43) raising the exact same grounds as his previous § 2255 motion. Specifically, he argues that Amendment 709 applies to his case and that it requires two of his previous drug convictions to be counted as a single sentence for purposes of calculating his criminal history points.

This motion must be denied under the doctrine of issue preclusion. Issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim. *Wilkes v. Wyo. Dep't of Employment*, 314 F.3d 501, 504 (10th Cir. 2002). In general, issue preclusion applies when: (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior litigation; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Id.* Those conditions are satisfied here regarding the court's previous order resolving the exact issue Mr. Ellis seeks to raise here.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to modify his sentence (doc. 43) is denied.

**IT IS SO ORDERED** this 13th day of April, 2010.

>  s/ John W. Lungstrum  
> John W. Lungstrum  
> United States District Judge